UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GBOWEH DICKSON GEORGE, | § | |
| TDCJ #01820889, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-18-421 |
| | § | |
| LORIE L. DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

Petitioner Gboweh Dickson George, a state prisoner, has filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, again seeking relief from a state court conviction and sentence. (Docket Entry No. 1). After a review of court records, the Court concludes that the petition must be dismissed as successive.

**I.     SUCCESSIVE PETITION**

Court records indicate that petitioner has filed at least three prior petitions for habeas corpus relief of his 2012 conviction for the murder of an eleven-year old boy in cause number 1302726 in the 176th Judicial District Court of Harris County, Texas. *See George v. Stephens*, Civ. A. No. H-15-3137 (S.D. Tex. 2016) (dismissing the petition on the merits); *George v. Davis*, Civ. A. No. H-16-2004 (S.D. Tex. 2016) (dismissing as a successive petition); *George v. Davis*, Civ. A. No. H-16-3666 (S.D. Tex. 2017) (dismissing as a successive petition). Although Petitioner does not identify any details regarding his conviction or the litigation history of his criminal case in his instant petition, public records indicate that he is still incarcerated on the 2012 conviction for murder in Harris County cause number 1302726.[1] In the present case,

---
[1]  *See* TDCJ Offender Search website, *available at* https://offender.tdcj.texas.gov/

Petitioner again raises a claim regarding a competency hearing. *See* Docket Entry No. 1 at 6; *George*, Civ. A. No. H-15-3137; *George*, Civ. A. No. H-16-2004; *George*, Civ. A. No. H-16-3666. Therefore, this Court is required to dismiss that claim. *See* 28 U.S.C. §2244(b)(1).

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). This Court lacks jurisdiction to consider Petitioner's petition as it is a successive petition requiring Fifth Circuit authorization before a district court may consider it. 28 U.S.C. § 2244(b)(3). There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider petitioner's successive petition. Therefore, this Court lacks jurisdiction to consider petitioner's habeas claims. Accordingly, this action is **DISMISSED** without prejudice to petitioner seeking authorization from the Court of Appeals to proceed in this Court on any new claims.

## II.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural

---

OffenderSearch/offenderDetail.action?sid=06401698 (last visited Feb. 13, 2018).

grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Memorandum and Order on Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. This action is **DISMISSED** without prejudice as a successive petition.

2. A certificate of appealability is **DENIED**.

3. All other pending motions, if any, are **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this 5th day of March, 2018.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE